UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHELLE HAYWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:12-cv-327 |
| ) | |
| GENERAL MOTORS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is a request filed by *pro se* Plaintiff Michelle Haywood in this Title VII racial discrimination case against her former employer, General Motors, together with a completed Questionnaire for Appointment of Counsel (Docket # 5, 7), asking that this Court recruit an attorney to represent her. Because Haywood's case is not a difficult one, and since she is competent to litigate it, the motion will be DENIED.

**LEGAL STANDARD**

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from

doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir. 2009) (unpublished) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII).

## ANALYSIS

Applying the foregoing analysis to the instant circumstances, it is difficult at present to assess the merits of Haywood's claims.  We do know, however, that at least three attorneys (two of which are quite experienced in employment discrimination) have chosen to pass up the opportunity to represent her. (*See* Questionnaire for Appointment of Counsel ¶ 6.)  This circumstance speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious.

Perhaps equally important is the fact that Haywood seems fully capable of litigating these claims herself.  This suit is a relatively straightforward employment discrimination action: Haywood claims that General Motors discriminated against her based on her race during her employment. (Docket # 1); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).  Haywood has already adequately articulated her claims, participated in a preliminary pretrial conference, and prepared motions seeking specific

relief. (*See* Docket # 1, 2, 5, 7, 16, 19, 21.)  Consequently, it is clear Haywood is literate and has adequate communication skills, at least for purposes of representing herself.  Moreover, Haywood has the freedom and ability to perform her own legal research.  Finally, to a major degree the facts of the case are within Haywood's personal knowledge, so the task of discovery is apt to be quite limited and certainly not insurmountable.

In short, Haywood appears to be competent and fully capable of representing herself in this suit, and it does not appear that appointing counsel will make a difference in the outcome.  *See Zarnes*, 64 F.3d at 299.  Consequently, her motion will be DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 5) is DENIED.  Plaintiff is, of course, free to attempt to secure counsel on her own.

SO ORDERED.

Enter for this 28th day of December, 2012.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge